NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL BECERRA QUIROZ,

        Petitioner-Appellant,

    v.

CHRISTIAN PFEIFFER, Warden, Warden
of Kern Valley State Prison, Delano
Substituted for Martin D Biter,

        Respondent-Appellee.

No.    21-56044

D.C. No.
2:14-cv-07826-JAK-GJS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 6, 2024
Pasadena, California

Before:  W. FLETCHER and CALLAHAN, Circuit Judges, and MÁRQUEZ,**
District Judge.

        Petitioner Raul Quiroz appeals from the district court's denial of his petition

for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

first-degree murder and being a felon in possession of a firearm. We review the district court's denial of a § 2254 petition de novo. *Bolin v. Davis*, 13 F.4th 797, 804 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

Because this petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).

Petitioner raises multiple claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on his claims, Petitioner must show that (1) his "counsel's performance was deficient," meaning that it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense" such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–88, 694. When the AEDPA and *Strickland* standards are both

---

[1] Because the facts and procedural history are well known to the parties, we recount them only as needed to explain our decision.

applicable, our review is "doubly deferential." *Lee v. Thornell*, 108 F.4th 1148, 1157 (9th Cir. 2024).

Petitioner asserts six claims of ineffective assistance of counsel. Specifically, Petitioner claims that counsel (1) failed to obtain testimony from alibi witness Vanessa Brashear; (2) did not sufficiently investigate the audio recording of monitored jailhouse conversations between Petitioner and informant Ismael Cano; (3) neglected to investigate newspaper articles related to Brian Szostek's murder; (4) failed to object to Cano's testimony regarding Petitioner's alleged confessions and admissions; (5) did not challenge the testimony of Detective Rachel Burr; and (6) failed to move to exclude Ruben Gonzales's purportedly coerced pretrial statements or object to their introduction through the rebuttal testimony of Detective Michael Palmieri.

However, the state court reasonably concluded that Petitioner failed to establish that trial counsel's performance was deficient or that any alleged deficiencies caused prejudice. Counsel's decisions were strategic and aimed at advancing Petitioner's defense. *See Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984) (reasoned tactical decisions made to advance the defense, even if flawed in hindsight, do not constitute ineffective assistance of counsel). Furthermore, given the overwhelming evidence of Petitioner's guilt, there is no reason to believe that any purported errors, individually or cumulatively, undermined confidence in the

3

verdict. *See Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (cumulative prejudice exists only where the aggregation of errors undermines confidence in the verdict).

The state court's adjudication was neither contrary to nor an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Accordingly, we affirm the district court's denial of the habeas petition.

**AFFIRMED.**